In the Matter of the New York State Labor Relations Board, Petitioner, v. Peerless Wood Products, Inc., and Others, Respondents.

Supreme Court, Kings County, January 27, 1939.

*Burton A. Zorn,* General Counsel of the New York Labor Relations Board, for the petitioner.

*Eugene V. King,* for the respondents.

Nova, J. Motion to enforce in whole the order of the New York State Labor Relations Board dated October 14, 1938, requiring the respondents to comply with the provisions thereof. The respondents are the assignees of the Peerless Wood Products, Inc., former employer by virtue of the general assignment for the benefit of creditors made June 23, 1938. They oppose the motion upon the ground (1) that since the assignor is entirely out of business and being liquidated by them, they cannot comply with any portion of the order except the payment of moneys for the period dating from the discharge of the several employees to December 24, 1937; and (2) even as to that the said employees can only be considered as general creditors of the assignor not entitled to priority or payment in full of salary for the reason that the moneys which the Board directs them to be paid were earned or would have been earned had they been continually employed up to and including December 24, 1937, which is more than three months prior to the date of the assignment and, therefore, not contemplated within the purview of section 22 of the Debtor and Creditor Law.

The Board's findings of fact are supported by the evidence and the order of the Board thereunder is, therefore, valid under the State Labor Relations Act. (Labor Law, §§ 700 *et seq.*) The court is bound to accept the Board's findings as conclusive when supported by evidence. (*Associated Press* v. *National Labor Relations Board,* 301 U. S. 103; *Washington, Virginia & Maryland Coach Co.* v. *National Labor Relations Board,* Id. 142.)

Section 22 of the Debtor and Creditor Law is applicable to the case at bar notwithstanding the three-month time limit argument advanced by respondents. The findings of fact and conclusions of law and the order thereon were made binding upon not only the assignor but its assigns, which include the respondents. The Legislature's purpose in enacting section 22 of the Debtor and Creditor Law was to make wages and salaries actually owing to the employees of the assignor absolutely preferred claims. The period of time which elapses between strikes, Labor Board hearings, decisions and the order is immaterial. It was only after the Board decided against the assignor that the assignor made the assignment in question. The statute was not intended to be used as a technical argument by the former employer to defeat the preferment of the employees' claims, nor was the statute intended to be used as an excuse for avoiding such preferment in the face of the employer's own act of liquidating its business.

Motion granted. Settle order on notice.