Edward M. O ’Gorman, J.
The Marcus Trucking Co., Inc., has made an assignment for the benefit of creditors. Among the creditors is the National Labor Relations Board, which has a claim for unpaid wages on behalf of several employees in the amount of $10,766.07. The board claims to be entitled to priority in the payment of the wage claims, pursuant to the provisions of section 22 of article 2 of the Debtor and Creditor Law of the State of New York.
The assignee contends that priority should be denied because the services which were the subject of the wage claims were not rendered within three months of the date of the assignment, and that the claim should be allowed as a general claim only.
The pertinent history of the case is as follows: The National Labor Relations Board, having instituted proceedings against the assignor, on March 11, 1960 issued its decision and order, which found that the assignor had violated section 8 (subd. [a], par. [3]) of the National Labor Relations Act (U. S. Code, tit. 29, § 158, subd. [a], par. [3]), and directed the assignor to reimburse its employees for the resulting loss of their earnings. A decree enforcing this order was entered on January 26, 1961 by the United States Court of Appeals.
On July 18, 1962, the board issued a supplemental decision and order which found that the assignor was obligated to reimburse 75 employees in a total amount of $51,503.31 for loss of wages.
On February 20, 1963 the National Labor Relations Board and the assignor entered into a stipulation with respect to the amount of the back payments and the manner in which they were to be paid to the employees entitled thereto. By this stipulation, the assignor was permitted to settle its total back pay liabiliy at one half of its actual amount, and to pay the amount to the individuals entitled thereto in installments in accordance *741 with an agreed schedule of payments. In this connection, the stipulation between the parties provided as follows:
£ 11. Respondent Marcus Trucking Co., Inc., its officers, agents, successors and assigns, shall make whole the individuals named on the schedule of payments attached hereto and made a part hereof, by paying to them the amounts set forth opposite their respective names in installments as indicated. Failure to pay any installment when due will make the entire amount still unpaid immediately due and payable.”
£ ‘ 4. Upon the signing of this Stipulation by all parties, Respondent will deposit with the Regional Director checks made out to the individuals named in the Schedule of Payments as entitled to back pay January 1, 1963, less statutory deductions. As further monthly payments become due, they also will be deposited with the Regional Director on the first day of each month in accordance with the attached schedule of payments. All checks deposited with the Regional Director will be delivered to the individuals entitled to them when the Board issues its Second Supplemental Order.”
Commencing January, 1963, the assignor made the installment payments in accordance with said schedule until February, 1966. At that time the amount of installments of back pay remaining to be paid pursuant to said schedule was $10,766.07. On March 1,1966, the assignor executed the deed of assignment for the benefit of creditors and on March 16, 1966 the board filed its priority claim which is the subject of this motion.
It is the claim of the assignee that the National Labor Relations Board is not entitled to any priority. The assignee argues that under the provisions of section 22 of article 2 of the Debtor and Creditor Law of the State of New York, and pursuant to the decision of the United States Supreme Court in Nathanson v. National Labor Relations Bd. (344 U. S. 25 [1952]) the claim of the board is entitled to priority only to the extent of back pay which has accrued for wages which became due and payable within three months of the date of the assignment, and that inasmuch as the present claim for wages is for services rendered over three years prior to the assignment, the board has no preference over other general creditors and must share equally in the debtor’s assets available for payment.
The National Labor Relations Board, on the other hand, contends that its entire claim is entitled to priority status, based on the authority of Matter of New York State Labor Relations Bd. v. Peerless Wood Prods. (170 Misc. 594 [1939]).
By way of reply, the assignee urges that Peerless Wood Products (supra) has in effect been overruled by the Supreme Court *742 of the United States in the Nathanson ease (supra). Although the Nathanson case involves the construction of the Federal Bankruptcy Act, the assignee contends that the wage priority limitation in section 22 of the New York State Debtor and Creditor Law is substantially similar and should receive similar judicial interpretation, and hence the decision of the Supreme Court in the Nathanson case effectively overruled Peerless Wood Products.
In my opinion, it is not necessary to the determination of this motion to reach the question of whether or not the rule of the Nathanson case should be applied to Peerless Wood Products. Both cases involve findings of liability on the part of the employer to make payment of back wages to employees. In neither case was the obligation of the employer modified, by agreement or otherwise, prior or subsequent to the assignment for the benefit of creditors.
In the Nathanson case, the National Labor Relations Board had issued a back pay order and the Court of Appeals entered a decree enforcing the order. The subsequent claim for back pay filed in the bankruptcy proceedings was held entitled to priority only subject to the limitations applicable to other wage earners, and limited the priority to $600 for each claimant for wages earned within three months before the date of the commencement of the proceedings. The court pointed out that to grant any other or further priority to the National Labor Relations Board was within the proper sphere of Congress only, and that the policy expressed in the Federal Bankruptcy Act should not be enlarged by judicial construction. In this connection, the court stated: “We would depart from that policy if we granted the priority to one class of wage claimants irrespective of the amount of the claim or the time of its accrual.” (p. 29).
The analogous provisions of the Debtor and Creditor Law limit the priority granted to claims for wages to the sum of $1,000 for each employee for wages actually owing at the time of the execution of the assignment for services rendered within three months prior to the assignment.
The present motion presents a factual situation which differs from both the Nathanson case and the Peerless Wood Products case in one material respect. The liability of the assignor to make payment pursuant to the finding of the unfair labor practice is rooted in the terms of the stipulation between the board and the employer, which stipulation was adopted by the board and the court. Until the rights of each employee were thus brought into being and precisely defined, there was no specific enforcible liability against the employer. After the stipulation *743 was entered into, the rights of the employees to payment were not declared to be absolute, but rather, the rights to payments provided by the stipulation were limited to specific amounts at specific intervals. Prior to the passage of the required interval there was no absolute right in the employee to any subsequent installment.
The stipulation is clear in this connection. Paragraph “ 4 ” provides “ as further monthly payments become due ” (Italics supplied).
In my opinion, the date on which the right to the payment for wages accrued is the critical date for determining the question of priority of the claim. Applying the limitation of the Nathanson case to this application, the extent of the priority of each individual wage claimant must be limited to $1,000 and by the “ time of its accrual ”. In the month of February, 1966, the Marcus Trucking Co. failed to make payment of the installments then due pursuant to their stipulation. By the terms of the stipulation which was embodied in the decree of the Circuit Court of Appeals, the failure to pay any installment “ when due ’ ’ made the entire amount still unpaid immediately due and payable (par. “1”). As thus viewed, the right to the wage claims of the claimant set forth in the schedule annexed to the moving papers accrued immediately upon the default and not prior thereto, and in the unique circumstances presented by this arrangement, they are entitled to the priority provided by section 22 of article 2 of the Debtor and Creditor Law for each claim, to the extent of the $1,000 limitation provided therein.
The motion to deny the priority will be denied.